IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SHELL OIL COMPANY: SWEPI L.P.,**
**f/k/a SHELL WESTERN E&P, INC.;**
**KINDER MORGAN $CO_2$ COMPANY, L.P.,**
**f/k/a SHELL OIL $CO_2$ COMPANY, LTD.;**
**MOBIL PRODUCING TEXAS AND**
**NEW MEXICO, INC., and**
**CORTEZ PIPELINE COMPANY,**

      **Plaintiffs,**

vs.                                                                  No. CIV 07-1033 RB/WDS

**$CO_2$ COMMITTEE, INC.,**

      **Defendant.**

## ORDER CLARIFYING PRIOR ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion Concerning the May 16 Order, filed June 2, 2008 (Doc. 37), which seeks clarification "in furtherance" of the May 16, 2008 Order granting the Defendant's motion to dismiss and holding that the original Arbitration Panel shall decide the issue of whether res judicata bars the Defendant's new claims.

**I. Background.**

The Plaintiffs request that I confirm that the res-judicata issue that I held must be resolved by "the [arbitration] Panel," May 16 Order at 7, meant the original arbitration Panel that has already decided numerous issues and claims previously raised by the Defendants, and not by a subsequent arbitration panel that has not yet been chosen and that would be unfamiliar with the complex history and facts in this case. The Plaintiffs explain that they "tried to follow the Court's [May 16] Order by seeking enforcement of the prior arbitration award by the First Arbitration Panel," and asking that Panel to rule that res judicata precludes litigation of the Defendant's new claims arising out of the same dispute because they could have been raised in the first arbitration, but that the Defendants

have refused to participate and have threatened to sue the members of the first panel if they rule on the Plaintiffs' motion. *See* Doc. 37 at 2. The Plaintiffs attached the Defendant's e-mail to the original arbitration Panel members in which counsel for the Defendant stated that I did not designate the Panel "to determine any issues" in the May 16 Order; that the Panel has "absolutely no jurisdiction in any respect" and its decisions would be "void;" that making rulings in response to the Plaintiffs' motion for enforcement would be at the Panel members "own peril" because the Defendant would "assert claims that you are tortiously interfering with [the Defendant's] rights under the Settlement Agreement;" that the Defendant would not pay "one nickel in compensation;" that the Panel was not qualified to rule because it was "subject to bias or prejudice or the appearance thereof;" and that the parties had already stipulated that arbitration with a second arbitration panel would go forward following dismissal of the federal action. *See* Doc. 37, Ex. 2.

## II. Analysis.

In their response, the Defendants contend that I used "inartful language" in the May 16, 2008 Order; that the Settlement Agreement does not compel them to use the original Panel to arbitrate future disputes, and their view that they are entitled to arbitrate the res-judicata issue before a new panel is a reasonable interpretation of the Agreement; and that the parties' Stipulation compels resolution of the res-judicata issue by a new arbitration panel. *See* Doc. 38 at 2-5. I find no merit in any of the contentions.

**A. The May 16, 2008 Order clearly indicated that the original Panel should decide the res-judicata issue.**

The May 16, 2008 Order is clear that the existing Panel should decide the res-judicata issue. First, I used the words "the Panel" to show that I was talking about the existing Panel that had already arbitrated the Defendant's initial claims and not a panel that has not even yet been formed

2

(just as I capitalized the word "Defendant" to indicate this specific Defendant and not defendants in general). Second, I noted that "the defense of res judicata is a fact-based and intertwined aspect of the substantive controversy between the parties that is subject to binding arbitration," May 16 Order at 6; that the issue was "the preclusive effect of the *prior arbitration proceedings* and confirmed award," and that if "the Panel determines that Defendant's claims are barred by res judicata, that will end the arbitration process. If the Defendant demands *yet another* arbitration over the same issues, the Plaintiffs can *again seek protection from the Panel* as easily as they can seek protection from the Court, and probably more quickly." *id.* at 7. Only the original Panel has issued the binding rulings in which the res-judicata issue is intertwined and it is that Panel that should determine the scope of its rulings and that may protect either party from unwarranted subsequent arbitrations. Further, I noted that I had confirmed the "Panel's award" and that it should be up to the "Panel in the first instance to consider and determine whether a second arbitration is precluded by *its first* decision . . ." May 16 Order at 10-11. I could not have been more clear that the first Panel is the proper arbitration panel to determine the res-judicata effect of "its first decision."

**B. The Settlement Agreement does not require that a new panel decide an issue intertwined with a prior binding ruling.**

The Defendant's contention that it may demand a new panel to decide the res-judicata effect of the Panel's prior decision under the Settlement Agreement because the Agreement does not provide that "once an arbitration panel has been established it will be the arbitration panel to decide all issues in the future," Doc. 38 at 4, is both an overbroad characterization of the matter at hand and unreasonable. First, the Court has not ruled that the original Panel must arbitrate *all* future issues between the parties. The discrete issue at bar is whether the original Panel should decide the scope of its binding ruling. In the Settlement Agreement, the Defendant agreed to be bound by the original

3

Panel's rulings and it should not be surprised that the Panel would properly determine the procedural scope of its rulings. If the original Panel determined that the Defendant's new claims are not, in fact, precluded by its prior rulings, then the Defendant could proceed with a second arbitration before a new panel.

One of the major benefits of arbitration is that it is usually more cost-effective and expeditious than litigation. The original Panel has already examined and interpreted the Settlement Agreement between these parties; reviewed 210 exhibits, and heard 8 fact and expert witnesses in the June 2006 week-long arbitration, *see* Ex. 1 at 2 n.4, and may readily, easily, and less expensively determine whether the additional claims the Defendants now seek to bring that relate to the same transactions over the same time period are barred by the binding ruling it issued. To suggest that a new panel unfamiliar with the case and the prior rulings should decide the res judicata affect of those rulings is contrary to the very purpose of arbitration and is manifestly unreasonable. *See ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995) (noting that "the primary purpose for the federal policy of favoring arbitration is to promote the expeditious resolution of disputes"); *Proodos Marine Carriers Co. v. Overseas Shipping & Logistics*, 578 F. Supp. 207, 212 (S.D.N.Y. 1984) (holding that "where a long-term contract contains a broad arbitration clause, and early-arising disputes are submitted to and resolved by an arbitration panel selected in accordance with the contract, that panel remains in office for the purpose of resolution of later-arising disputes during the course of the contract" because "the retention in office of arbitrators familiar with the underlying contract and prior disputes will promote the prompt resolution of subsequent disputes").

**C. The stipulation does not require the res-judicata issue to be resolved by a new panel.**

The parties signed, and I approved, a "Stipulation Staying New Arbitration Proceeding" that provided:

> 1. The Demand for Arbitration and the related proceedings initiated by Defendant on or about October 2, 2007 (the "New Arbitration Proceeding"), is hereby stayed until the U.S. District Court for the District of New Mexico has entered judgment or dismissed the above-captioned matter.
> 2. All of the parties' respective rights and obligations concerning the New Arbitration Proceeding shall be tolled until the resolution of this matter by the District Court of New Mexico.
> 3. In the event that the District Court of New Mexico dismisses the Complaint or rules that any portion of the New Arbitration Proceeding may go forward, Defendant agrees that Plaintiffs shall have ten (10) days following their receipt of such ruling in which to submit a response to the Defendant's complaint in the New Arbitration Proceeding, to identify any additional matters to be arbitrated, and to designate Plaintiffs' party-appointed arbitrator.

Doc. 33 at 1-2. The Defendant contends that, by requesting the original Panel to decide the res-judicata issue, the Plaintiffs are "intentionally dishonor[ing]" paragraph three of this Stipulation. Doc. 38 at 5. Although I dismissed the Plaintiffs' Complaint, I ruled that the original Panel should decide the res-judicata issue, which precludes the New Arbitration Proceeding from going forward and tolls the parties' rights and obligations under paragraph 2 of the Stipulation until the original Panel issues its ruling. The Plaintiffs are not dishonoring the Stipulation by properly and timely seeking a resolution from the original Panel on the res-judicata issue.

I reject the Plaintiffs' request, however, that I enter an order "confirming" that the original Panel "preside over the Second Arbitration being attempted by Defendant." *See* Doc. 37 at 9. Whether the original Panel should preside over the Defendant's new claims should they *not* be barred by res judicata was never raised in the original complaint and never addressed in the May 16, 2008 Order, and paragraph three of the Stipulation provides that, if it is determined that the new arbitration proceedings may go forward, *i.e.,* that res judicata does not bar the Defendant's new claims, the Plaintiffs have ten days in which to respond to the Defendant's Complaint in the new proceedings.

**IT IS ORDERED** that the Plaintiffs' Motion Concerning the May 16 Order is GRANTED

5

in part and DENIED in part and that the original Arbitration Panel shall decide the res-judicata issue;

**IT IS FURTHER ORDERED** that, if the original Panel determines that res-judicata does not bar the Defendant's new claims, the Plaintiffs shall comply with paragraph three of the January 24, 2008 Stipulation filed in this Court; and

**IT IS FURTHER ORDERED** that the Defendant's request for Rule 11 sanctions and attorney fees is DENIED.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE